UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN M. HEGNEY,

    Petitioner,

  v.

ELDON VAIL,

    Respondent.

Case No. C07-5550FDB

ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING HABEAS CORPUS PETITION

    The Magistrate Judge, in his Report and Recommendation of this 28 U.S.C. § 2254 Petition, reviewed the seven issues Petitioner presented for review and concluded that under the standard of review for federal court intervention in the state judicial process, there was no error of a constitutional dimension. Petitioner filed objections that the Recommendation failed to address key arguments, used the wrong standard of review, and reached the wrong conclusions. Respondent filed a response in opposition to the objections. Petitioner then replied to that response.

    The issues have been exhaustively reviewed in the State court system, and they have been fully reviewed by the Magistrate Judge. This Court is not convinced by Petitioner's arguments for rejecting the Report and Recommendation and granting habeas relief. For example, Petitioner argues that the accomplice liability instruction was ambiguous, citing *Sarausad v. Porter*, 479 F.3d

ORDER - 1

671 (9th Cir. 2007), *cert. granted sub nom.*, *Waddington v. Sarausad*, 128 S. Ct. 1650 (2008). The Court agrees with the Magistrate Judge that the instruction was not ambiguous. The accomplice instruction properly stated the elements of accomplice liability, and the trial court's instructions also explained the felony murder rule in the context of the robbery charged. The *Sarausad* case is inapposite. In Hegney's case, the prosecutor's closing argument, in response to another codefendant's argument, examined the language from the instructions and how it applied to the facts in the case adduced at trial. There was no ambiguity regarding accomplice liability that the underlying crime was robbery in Petitioner's case.

Petitioner also argues that the procedure under RCW 13.40.110 where a judge decides whether or not a minor should be charged as an adult violates the United States Constitution. The Court agrees with the Magistrate Judge and the Washington Court of Appeals in its review of this contention. The Washington Court stated: "Rather, 'the sole purpose of a decline hearing is to determine whether the best interests of the child and of society would be served by retention of the juvenile court authority over him or whether the juvenile, under all the circumstances, should be transferred to be tried as an adult.'" The Court concluded:

> And again, we emphasize that equal protection is not intended to provide complete equality among similarly situated juveniles who are charged with crimes; rather it is intended to provide equal application of RCW 13.40.110, and the decline hearings thereunder. Thus, individual results may vary. As this law easily passes the rational relationship test, it does not therefore, violate the federal and state equal protection clauses.

(Dkt. # 1, attached decision denying Personal Restraint Petition, pp. 11-14.) Petitioner argues that the consequence of declining to try Petitioner as a juvenile subjected him to a greater penalty that was not determined by a jury; Petitioner's argument is without merit. The State Court examined the interests of the minor and those of society in general in making the decision at the decline hearing. Petitioner's equal protection argument is answered by the Court as quoted above. On the argument that children's brains differ from those of adults and that the legislature recognized this in its

ORDER - 2

legislation regarding the mandatory minimum sentence for murder for juveniles but did not allow for the new legislation to be applied retroactively, this Court finds no violation of equal protection. The Washington State Court of Appeals reviewed this issue, as did the Magistrate Judge. Petitioner has not demonstrated a violation of clearly established federal law, as determined by the Supreme Court, nor demonstrated that the decision was based on an unreasonable determination of the facts in light of the evidence; Petitioner's reference to international law notwithstanding.

On all the points raised by Petitioner, the Court concludes that the Magistrate Judge's Report and Recommendation must be adopted over Petitioner's objections. ACCORDINGLY,

IT IS ORDERED:

1. The Court ADOPTS the Report and Recommendation;

2. Petitioner's federal *habeas corpus* petitioner is DISMISSED;

3. The Clerk is directed to send copies of this Order to Petitioner and his counsel, to counsel for Respondents, and to Magistrate Judge J. Kelley Arnold.

DATED this 27th day of October, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3